# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| BETTY L. WALLS, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | Case number 1:09cv0061 TCM |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
|    Defendant. ) | |

## MEMORANDUM AND ORDER

This 42 U.S.C. § 405(g) action for judicial review of the final decision of Michael J. Astrue, the Commissioner of Social Security ("Commissioner"), denying the applications of Betty L. Walls ("Plaintiff") for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. § 401-433, and supplemental security income ("SSI") under Title XV of the Act, 42 U.S.C. § 1381-1383b, is before the Court[1] on the unopposed motion of the Commissioner to remand this case to the Appeals Council pursuant to sentence four of 42 U.S.C. § 405(g).

Plaintiff alleges in her brief in support of her complaint that she suffers from rheumatoid arthritis, fibromyalgia, diverticulitis, epilepsy, mental problems, depression, irritable bowel syndrome, carpal tunnel syndrome, swollen ankles, a blood disorder, deafness, allergies, bursitis in her hips, and pain in her back and neck. She argues that the

---

[1] The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

Administrative Law Judge ("ALJ") erred when finding that she was not disabled because he (a) failed to fully and properly consider her mental impairments, having also failed to (i) develop the record regarding the severity of those impairments and (ii) make a proper determination regarding her mental functional capacity and its affect on her ability to work; (b) failed to properly weigh and consider (i) the impact of her non-exertional impairments on her work ability and (ii) the combination of all her impairments; and (c) failed to elicit testimony by a vocational expert.

The Commissioner requests that the case be reversed and remanded so that the Appeals Council may "issue a new step four decision." (Def. Mem. at 1.) At step four, the ALJ determines whether claimant can return to her past relevant work, reviewing the claimant's residual functional capacity and the physical and mental demands of the work claimant has done in the past. See 20 C.F.R. § 416.920(e). The Commissioner's request is unopposed.

A case seeking judicial review of the Commissioner's adverse decision may be remanded pursuant only to sentence four [2] or six of 42 U.S.C. § 405(g). See **Shalala v. Schaefer**, 509 U.S. 292, 296 (1993); **Melkonyan v. Sullivan**, 501 U.S. 89, 97-98 (1991). "Sentence four, by its terms, authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a

---

[2]Sentence four reads as follows: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

rehearing.'" **Buckner v. Apfel**, 213 F.3d 1006, 1010 (8th Cir. 2000) (quoting § 405(g)). A remand sought by the Commissioner after he files his answer and in the absence of any new and material evidence "meets the substantive requirements of sentence four." **Id.** Therefore, the Commissioner is correct in arguing that the sought-after remand in the instant case is properly considered a sentence four remand. See **Pottsmith v. Barnhart**, 306 F.3d 526, 528 (8th Cir. 2002) (finding that order granting Commissioner's motion to remand for introduction of medical expert testimony was appropriately made pursuant to sentence four); **Boyle v. Halter**, 165 F. Supp.2d 943, 943 n.2 (D. Minn. 2001) (noting that Commissioner's motion for remand after answer was appropriately made pursuant to sentence four). The Commissioner's unopposed motion shall be granted pursuant to sentence four.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of the Commissioner to reverse and remand is **GRANTED**. [Doc. 21].

An appropriate Judgment shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  4th  day of February, 2010.